1 | Linda S. Conway, Esq. #158634
AMRANE COHEN, Chapter 13 Trustee
2 | 770 The City Drive South, Suite 3300
Orange, CA 92868
3 | Telephone: (714) 621-0200
Facsimile: (714) 621-0277

4

5

6

7

8

9                    UNITED STATES BANKRUPTCY COURT

10           CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

11 | In re                              ) Chapter 13
                                        )
12 | JAMES BOYD MAYFIELD,               ) Case No. 8:08-bk-15291-ES
                                        )
13 |                                    ) **CHAPTER 13 TRUSTEE'S NOTICE OF**
                                        ) **MOTION AND MOTION TO MODIFY**
14 |                                    ) **PLAN TO INCREASE PLAN PAYMENTS;**
                                        ) **THE PLAN DURATION ; AND, THE**
15 |                                    ) **BASE AMOUNT TO INCREASE THE**
                                        ) **DIVIDEND TO UNSECURED CREDITORS**
16 |                                    )
                                        ) DATE: March 19, 2009
17 |              Debtor(s)              ) TIME: 10:30 a.m.
                                        ) CRTRM: 5A
18 | _____ )

19    **NOTICE IS HEREBY GIVEN** that on the date, at the time, and in the Courtroom above-

20 | referenced, Amrane Cohen, Chapter 13 Trustee, will move the Bankruptcy Court for an order

21 | modifying the Debtor's Chapter 13 Plan to increase the Plan payment; the duration of the Plan; the

22 | dividend to general unsecured creditors; and, the base amount pursuant to Bankruptcy Code 11

23 | U.S.C. §1329 to increase the dividend to Debtor's unsecured creditors.

24    This motion is based upon the facts and Points and Authorities set forth below, the attached

25 | Declaration, the information in the files and records of the Court and the Chapter 13 Trustee, and

26 | such oral and written evidence that may be presented at the hearing.   The Trustee hereby requests

27 | judicial notice of the Court's files and records in the within Bankruptcy case in support of this

28 | motion. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and §1334.  The

1

1   Chapter 13 Trustee has standing to bring this motion pursuant to 11 U.S.C. § 1302, § 1329 and the

2   order confirming Debtor(s)' Chapter 13 Plan.

3   **Pursuant to Local Bankruptcy Rule 9013-1(1)(g), if you wish to oppose this motion,**

4   **you must, not later than fourteen (14) days prior to the above-referenced hearing date, serve**

5   **upon the Chapter 13 Trustee and file with the Court a written opposition.  Failure to file**

6   **such opposition shall be construed as a waiver of your right to object.**

7   **I. STATEMENT OF FACTS**

8   1.  This case was filed on August 29, 2008 ("Petition Date"), and the Plan was confirmed

9   on January 28, 2009.  The order confirming Debtor's Plan has not yet been entered.

10   2.  The confirmed Plan provides for payments in the amount of $200.00 for 6 months, 0%

11   to the general unsecured creditors, and a base amount of $1,200.00.  A copy of the Trustee's

12   Report and Motion for Confirmation filed on February 10, 2009 is attached hereto as Exhibit "A."

13   3.  The Debtor filed Schedules I and J, under penalty of perjury, which reflect gross

14   monthly income of $7,896.00, net monthly income of  $5,829.00, and expenses of $5,595.00,

15   resulting in monthly disposable income of $234.00 ("Schedules I and J").  A copy of Debtor's

16   Schedules I and J are attached hereto as Exhibit "B."

17   4.  Debtor's annualized current monthly income of $65,856.00 is above the applicable

18   median family income of $61,742.00.

19   5.  Debtor filed a Chapter 7 case on April 5, 2002 as case number SA 02-12637 RA and

20   received a discharge.  A copy of Debtor's Statement of Related Cases ("1015-2 Statement") is

21   attached hereto as Exhibit "C."

22   **II. LEGAL DISCUSSION**

23   11 U.S.C. §1329(a) permits the Trustee to seek modification of the Debtor's plan after

24   confirmation to:

25          (1) increase or reduce the amount of payments on claims of a particular
class provided for by the plan;

26

27          (2) extend or reduce the time for such payment; or

28

1    (3) alter the amount of the distribution to a creditor whose claim is
provided for by the plan to the extent necessary to take account of any
2    payment of such claim other than under the plan.

3    Debtor's Schedules I and J evidence that Debtor has at least $234.00 in monthly disposable

4    income.

5    The Court, for cause may extend a Chapter 13 plan to 60 months. The Trustee submits that

6    there is cause to extend the plan to the full 60 months since this Debtor received a Chapter 7

7    discharge within the past 5 years, and extension of the term of the plan will maximize the dividend

8    to unsecured creditors.

9    As a result of his Chapter 7 case filed on April 5, 2002, Debtor received a discharge and is

10    ineligible for another discharge under Chapter 7. The debtor's burden of good faith is increased

11    where the debtor has received a chapter 7 discharge and where he is not proposing to pay all

12    disposable income into the plan. See In re Huerta, 137 B.R. 356, 366-367 (Bkrtcy. C.D. Cal.

13    1992).

14    Therefore, to increase the dividend to Debtor's general unsecured creditors, the Trustee

15    requests that the Court enter an order modifying the Plan to increase the payment to $234.00

16    month, increase the duration of the Plan to 60 months, and increase the base amount to $14,040.00.

17    **III. CONCLUSION**

18    WHEREFORE, to increase the dividend to Debtor's general unsecured creditors, the

19    Trustee prays that the Court enter an Order modifying the Plan increasing the Plan payment from

20    $200.00 to $234.00; increasing the duration to 60 months; increasing the base amount to

21    $14,040.00; and, providing any further relief as is just and proper.

22

23    Dated: February 16, 2009                    /s/ Linda S. Conway
                                                  Linda S. Conway, Attorney for
24                                                Amrane Cohen, Chapter 13 Trustee

25

26

27

28

3

# DECLARATION

I, Linda S. Conway, declare as follows:

1. I am the attorney for Amrane Cohen, the Chapter 13 Trustee in the within matter, and by virtue thereof I have personal knowledge of files and records kept by the Trustee's office in the regular course of business. I am a Certified Specialist, Personal and Small Business Bankruptcy Law, by the State Bar of California. I have personally reviewed the files and records kept by the Trustee's office in the within case. The following facts are true and correct and within my own personal knowledge.

2. A true and correct copy of the Trustee's Report and Motion for Confirmation filed on February 10, 2009 is attached hereto as Exhibit "A."

3. A true and correct copy of Debtor's Schedules I and J are attached hereto as Exhibit "B."

4. Debtor's annualized current monthly income of $65,856.00 is above the applicable median family income of $61,742.00.

5. Debtor filed a Chapter 7 case on April 5, 2002 as case number SA 02-12637 RA and received a discharge. A true and correct copy of Debtor's Statement of Related Cases ("1015-2 Statement") is attached hereto as Exhibit "C."

I declare under penalty of perjury of the laws of the United States of America the foregoing is true and correct.

Dated: February 16, 2009          /s/ Linda S. Conway
                                   Linda S. Conway

4

AMRANE COHEN
Chapter 13 Trustee
Orange City Square
770 The City Drive South, Suite 3300
Orange, CA 92868
Phone: (714) 621-0200 Fax (714) 621-0277
efile@ch13ac.com

```
                                        FILED
                                    FEB 10 2009
                              CLERK U.S. BANKRUPTCY COURT
                              CENTRAL DISTRICT OF CALIFORNIA
                              BY:              Deputy Clerk
```

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: ) | Chapter 13 |
| JAMES BOYD MAYFIELD ) | Case No. 8:08-bk-15291-ES |
| ) | |
| AKA ) | **TRUSTEE'S REPORT AND MOTION FOR CONFIRMATION** |
| ) | **OF PLAN AND ALLOWANCE OF FEES** |
| ) | |
| Social Security No. xxx-xx-7881   Debtor ) | |
| Social Security No. xxx-xx-0000   Co-debtor ) | |
| ) | |
| ) | |
| ) | |

Comes now the duly appointed Trustee in this case, and from the First Meeting of Creditors shows to the Court the following:

Debtor's net income is **$5,829.00**  per month
Spouse/other net income is **$ .00**  per month
Debtor's Budget shows **$234.00**  disposable income per month
Debtor proposes to pay **$ 200.00**  per month into the plan
Estimated number of months to complete: **6**  months
This Plan will pay **0%** to unsecured creditors.

By interlineations: This is a base plan with all tax refunds pledged into the plan for the duration of the plan. The base amount is $1,200.00.

The Plan complies with all requirements of 11 U.S.C. §1322 and §1325.

WHEREFORE, the Trustee prays that the Court approve this report, confirm debtor's Plan, and allow attorney fees in the amount set forth in the Order Confirming Plan.

Dated: **February 9, 2009**

_____
Amrane Cohen, Chapter 13 Trustee

**EXHIBIT** A
1 OF 1

B6I (Official Form 6I) (12/07)

In re   **James Boyd Mayfield**                                                    Case No. _____
                                        Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Divorced** | RELATIONSHIP(S):  **Daughter**  **Daughter** | AGE(S):  **11**  **8** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Heavy Equipment Operator** | |
| Name of Employer | **All American Asphalt** | |
| How long employed | **20 Years** | |
| Address of Employer | **400 E. Sixth Street**  **Corona, CA 92878** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 6,626.00 | $ N/A |
| 2. Estimate monthly overtime | $ 1,270.00 | $ N/A |
| 3. SUBTOTAL | $ 7,896.00 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ 1,543.00 | $ N/A |
|     b. Insurance | $ 0.00 | $ N/A |
|     c. Union dues | $ 524.00 | $ N/A |
|     d. Other (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 2,067.00 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 5,829.00 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 5,829.00 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 5,829.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Daughters with debtor 50% of the time. Only claime one on Means Test.**

**EXHIBIT B**
**1 OF 2**

B6J (Official Form 6J) (12/07)

In re    **James Boyd Mayfield**                                              Case No. _____
                              Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,200.00 |
| a. Are real estate taxes included? Yes ___ No **X** | | |
| b. Is property insurance included? Yes ___ No **X** | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 125.00 |
| b. Water and sewer | $ | 50.00 |
| c. Telephone | $ | 65.00 |
| d. Other **Cable/Internet** | $ | 85.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 525.00 |
| 5. Clothing | $ | 150.00 |
| 6. Laundry and dry cleaning | $ | 50.00 |
| 7. Medical and dental expenses | $ | 75.00 |
| 8. Transportation (not including car payments) | $ | 325.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 125.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 45.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 180.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 470.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 1,000.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **Misc expenses, hygiene, emergencies** | $ | 125.00 |
| Other _____ | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 5,595.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 5,829.00 |
| b. Average monthly expenses from Line 18 above | $ | 5,595.00 |
| c. Monthly net income (a. minus b.) | $ | 234.00 |

**EXHIBIT** B

2 OF 2

7

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **Chapter 7 Filed: 4/5/02 - SA02-12637RA**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None.**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None.**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None.**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Laguna Hills**                          , California.     /s/ **James Boyd Mayfield**

                                                                        **James Boyd Mayfield**

Dated    **August 28, 2008**                                            *Debtor*


                                                                        *Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of Califonia.

*Revised May 2004*                                                                          **F 1015-2.1**

Software Copyright (c) 1996-2004 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                         Best Case Bankruptcy

EXHIBIT  C
1 OF 1

8

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE:

3

     I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 770 The City Drive South, Suite 3300,

4

Orange, CA  92868.

5

     On February 17, 2009, I served the foregoing documents described as **"CHAPTER 13 TRUSTEE'S NOTICE OF MOTION AND MOTION TO MODIFY PLAN TO INCREASE**

6

**PLAN PAYMENTS THE PLAN DURATION AND, THE BASE AMOUNT TO INCREASE THE DIVIDEND TO UNSECURED CREDITORS"** on the interested parties in this action as

7

follows:

8

James Boyd Mayfield               Gregory J. Doan
202 Via Sedona                  25401 Cabot Rd., Ste. 119

9

San Clemente, CA 92673         Laguna Hills, CA 92653

10

     BY MAIL: I am "readily familiar" with this firm's practice of collection and processing of mail. Under that practice mail is deposited with the United States Postal Service, with postage thereon

11

fully prepaid, at Orange, California on the same day that it is collected and processed in the ordinary course of business.  I am aware that service is presumed invalid if the postal cancellation

12

date or the postage meter date is more than one day after the date of deposit for mailing in this affidavit.

13

     I declare under penalty of perjury that the foregoing statements are true and correct.

14

Dated: February 17, 2009

15

Juan Santillan
16
Type or Print Name                  Signature

17

18

19

20

21

22

23

24

25

26

27

28